# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALLACE DEEN-MITCHELL , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-2069 (RJL) |
| | ) | |
| HARLEY G. LAPPIN *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER
### September 24, 2010

Plaintiff seeks a temporary restraining order ("TRO") or a preliminary injunction "to enjoin the defendants from repeatedly attempting to murder [him] . . . by forcing [him] into cells with inmates he has identified as enemies, or torturing [him] for refusing to go into a cell and do battle with the enemies." Mot. [Dkt. No. 28] at 1. Plaintiff states that he provided notice to defendants on October 31, 2009 and July 13, 2010, of his intention "to seek a tro/pi regarding the allegations in the complaint. . . ." *Id.* at 2 ¶ 2. Defendants have opposed the motion and move concurrently to dismiss the complaint.

A preliminary injunction is extraordinary relief available only upon a showing that (1) the moving party is substantially likely to succeed on the merits of the lawsuit; (2) he would suffer irreparable harm in the absence of an injunction; (3) the injunction would not substantially harm other parties; and (4) the injunction would not substantially harm the public interest. *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995). Moreover, an injunction or restraining order must be narrowly tailored and "describe in reasonable detail--and

not referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

Plaintiff has not shown his entitlement to a preliminary injunction, and defendants have persuasively argued the contrary. *See* Defs.' Mot. to Dismiss Pl.'s Compl. and Opp'n to Pl.'s Mots. for Order and for Preliminary Injunction [Dkt. No. 37] at 41-43. Moreover, plaintiff supports the motion with nothing more than speculation and hyperbole, and his accusations against Bureau of Prisons Director Harley G. Lappin, the only individually named defendant, at best strain credulity and at worse are frivolous. Accordingly, it is

**ORDERED** that plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction [Dkt. No. 28] is **DENIED**; and it is

**FURTHER ORDERED** that plaintiff's Motion for an Order to Direct Defendant Lappin to Return Plaintiff's Legal Documents [Dkt. No. 27] is **DENIED**.

_____
RICHARD J. LEON
United States District Judge

2